LECHE, J.
Plaintiff, receiver of the Tickfaw Producers' Association, sues to recover from defendant the sum of $3,000, as indemnity, on a bond wherein it guaranteed the Tickfaw Producers’ Association against loss or damage in the conduct of its financial affairs by Joseph C. Monata, late president and financial agent of said association. The district court rendered judgment in favor of plaintiff, and the present appeal was taken by defendant.
The association represented by the plaintiff, receiver, composed of truck farmers at Tickfaw, in the parish of Tangipahoa, was organized for the purpose of enabling its members to profitably market the fruit and vegetables raised and grown by them upon their farms. Joseph C. Monata was chosen and elected president of the association, and it became his duty as such to manage the sales of the crops to be marketed by the members, to collect the proceeds of sale, and to account to the association for the said proceeds and to pay the amounts due and coming to the members. In order to secure itself against any loss that might accrue to the association in case Monata did not faithfully and honestly perform the duty thus assumed by him, the said Monata was required to furnish an indemnity bond in the sum of $3,000, and the defendant company agreed to become his surety and signed the bond accordingly.
Monata having defaulted in the sum of $3,201.79, the present action was instituted against the defendant company, to recover the full amount of the bond.
The defenses are that plaintiff, in its application to defendant to become surety for the said Monata, agreed and warranted (1) that it would verify the accounts of said Monata monthly, which verification it failed to make or cause to be made; (2) that it would cause to be made monthly a thorough examination of Monata’s books and accounts, cash, securities, etc., by an auditor or expert accountant, which examination it failed to have made; (3) that it was to keep its accounts in the Bank of Hammond, but that it kept such account in a different bank; (4) that its checks, drafts, or other bankable papers would be collected by the said Monata only with the indorsement of its secretary and treasurer, S. B. Ellzey, and that, if plaintiff had carried out these warranties, there could have been no defalcation.
Before consenting to become surety for Monata, defendant presented to plaintiff association a form of application containing various questions to be answered by it, and the concluding clause of said application contains a stipulation to the effect that the answers are warranted to be true and are conditions precedent to a right of recovery upon the bond applied for, and by the terms of the policy said statement and answers of plaintiff are made part thereof. The answers are to the effect that Monata was to account monthly to the board of directors, that the books of Monata were to be examined monthly by an auditor or expert accountant, that the funds of the association were to be deposited in the Bank of Hammond and to be *821 withdrawn only by checks signed by Monata and countersigned by S. B. HLlzey, secretary .and treasurer.
The evidence shows that the bond was given and signed on February 17, 1912, that Monata began his peculations about the 3d of April, and continued the same until about May 7, 1912; that the shortage was discovered about the 12th day of May; and that no examination or audit of Monata’s accounts -had been made prior to that time.
The question for decision, therefore, is what is the effect of plaintiff association’s failure to carry out the promises which, in its application for the indemnity bond upon which it sues, it expressly made and warranted, when it stated therein that the accounts of Monata would be checked monthly by the board of directors, and the accounts of Monata would be audited monthly by an expert accountant? The statement thus made in the application is very material to the contract entered into by defendant, and has a very important bearing upon the risk thus assumed by it. It can be viewed in no other light than a promissory warranty, and the law is explicit that the nonobservance of a promissory warranty vitiates the contract. Hunt v. Fidelity & Casualty Co. of New York, 39 C. C. A. 496, 99 Fed. 242; Winkler Brokerage Co. v. Fidelity & Deposit Co. of Maryland, 119 La. 736, 44 South. 449.
Plaintiff, realizing that it had failed to carry out the promises which it made in its application for the indemnity upon which it now sues, advances in argument the equity of its demand; but we are powerless to assist it in evading or changing the provisions of a contract which it voluntarily entered into, and which constitute the law between itself and defendant.
It is therefore .ordered that the judgment appealed from be set aside and reversed, and plaintiff’s suit dismissed, at its costs in both •courts.